# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**RASBIAN MAURICE WARD,**  )
                           )
    **Plaintiff,**          )
                           )
**v.**                     )  Case No. 2:05-CV-775-VEH-HGD
                           )
**NURSE PORCHA DEWITT,** *et al.*, )
                           )
    **Defendants.**         )

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 17, 2006, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff filed objections to the report and recommendation on November 28, 2006. In his objections, the plaintiff goes to great lengths to explain to the court that, except for a short period of time in which he was provided another medication, he was only administered "Motrin" for his arthritis pain, which he claims was not effective, and that jail medical personnel failed to provide the prescription medication he was taking prior to his arrest. However, the court takes judicial notice that Ibuprofen is a medically recognized treatment for osteoarthritis and rheumatoid arthritis.[1] Thus, under the facts as alleged, the treatment of the plaintiff's arthritis was not so *grossly*

---

[1] *Dorland's Illustrated Medical Encyclopedia*, 27th Ed. 1988.

incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).[2] Additionally, the plaintiff's objections with respect to his claims involving the incident with another inmate are also unpersuasive. Therefore, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). A Final Judgment will be entered.

    **DONE** this the 19th day of March, 2007.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge

---

[2] Although the reason for denying the plaintiff his prescription arthritis medication is unclear, the court recognizes that jails and prisons have a legitimate interest in controlling or limiting the use of narcotics by inmates. Thus, it is clear that failure to provide prescription medications is not, alone, grounds for asserting an Eighth Amendment claim. *See Holleman v. Duckworth*, 202 F.3d. 273, 1999 WL 1082511 (7th Cir. 1999) (Unpublished Opinion).